tion. The fact that the car was stopped so suddenly and violently as to throw the plaintiff off her feet justifies the inference that due care in the operation of the car was not used. The evidence of the jerk which the car gave indicated negligence in its operation, and, in the absence of other evidence, was sufficient to carry the case to the jury. The fact that the car gave a lurch or jerk sufficiently appeared from the testimony, and the use of these terms was not merely characterization. In view of the proof adduced and the circumstances proved, there was sufficient evidence to call upon the defendant to explain. The dismissal of the complaint requires a reversal of the judgment.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

---

### ELDERT v. CROSS COUNTRY R. CO. et al.

(Supreme Court, Appellate Division, Second Department. November 27, 1914.)

RECORDS (§ 9*)—REGISTRATION OF TITLE TO LAND—STATUTORY PROVISIONS—TITLE TO SUPPORT.

Under the statute, which requires that plaintiff shall be in possession of the land as a condition precedent to registering the title, plaintiff, alleging possession of land, is not entitled to judgment registering the title, where the complaint and certificate of title show that an estate has built structures on parts of the land, and that the structures are actually occupied by numerous persons, who recognize the estate or a third person as landlord, and who in no way recognize plaintiff, and who claim no interest through him.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

Appeal from Special Term, Queens County.

Action by Luke Eldert against the Cross Country Railroad Company and others. From an interlocutory judgment for plaintiff, defendants Samuel M. Meeker and Milford B. Streeter, as executors of Peter Wyckoff, deceased, appeal. Reversed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

William Bell Wait, Jr., of New York City (Henry Crofut White, of New York City, on the brief), for appellants.

Gilbert Ray Hawes, of New York City, for respondent.

PER CURIAM. Although the plaintiff alleges possession of the land, the complaint and certificate of title show that the Wyckoff estate have built several structures on portions of the land, which are actually occupied by numerous persons, who recognize the Wyckoff estate or Sarah Maria Streeter as their landlord. These persons in no way recognize the plaintiff, and claim no interest through him. The statute clearly requires that the plaintiff be in possession of the land as a condition precedent to registering the title. It is unnecessary to make the complaint more definite and certain, inasmuch as it clearly shows that the plaintiff does not occupy the land, either directly or

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

indirectly, and that his assertion of possession is denied by the physical fact that there is occupation under an adverse title.

The order and interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to plead over within 20 days upon payment of such costs.

---

### ELDERT v. CROSS COUNTRY R. CO. et al.

(Supreme Court, Appellate Division, Second Department. November 27, 1914.)

